IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
THERESA PAVIA                                    :     3:12 CV 219 (JGM)
                                                 :
                                                 :
v.                                               :
                                                 :
CITY OF BRIDGEPORT                               :     DATE: NOVEMBER 19, 2014
                                                 :
-------------------------------------------------x
```

ORDER ON COUNSEL'S MOTION TO WITHDRAW APPEARANCE

On February 10, 2012, plaintiff commenced this action regarding her employment as an Assistant Republican Registrar of Voters for defendant City of Bridgeport, from which she was terminated on April 10, 2010. (Dkt. #1). An Amended Complaint was filed on June 5, 2014. (Dkt. #60). Counsel consented to trial before this Magistrate Judge in mid-June 2014. (Dkt. #62; see also Dkts. ##57-59, 61). The two-day bench trial had been scheduled for December 3-4, 2014 (see Dkt. #70), but recently was postponed due to counsel's scheduling conflicts.

On November 18, 2014, plaintiff's counsel filed the pending Motion to Withdraw Appearance (Dkt. #71), in which he asserts that his "relationship and communication" with his client have "broken down so irreparably and significantly that counsel does not believe that he or any attorney in his firm can practically or ethically continue to represent . . . plaintiff." (At 1). He has certified that a copy of this motion was sent by certified mail, return receipt requested, to his client. (At 2).

Local Rule 7(e) provides in full:

> Withdrawal of appearances may be accomplished only by leave of Court on motion duly noticed, and normally shall not be granted except upon a showing that other counsel has appeared or that the party has elected to

proceed pro se, and that the party whose counsel seeks to withdraw has received actual notice by personal service or by certified mail of the motion to withdraw. In cases where the party has failed to engage other counsel or file a pro se appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a pro se appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

In accordance with Local Rule 7(e), plaintiff's counsel shall promptly file with the Court proof of service of his motion upon plaintiff.

In addition, plaintiff is hereby warned that **on or before January 23, 2015**, plaintiff must have substitute counsel file his or her appearance, **or** plaintiff is to file a pro se appearance **by that date**.

Plaintiff is further warned that if she fails to engage other counsel or file a pro se appearance by **January 23, 2015**, then the Court will grant her attorney's Motion to Withdraw Appearance, if the Court finds that "good cause exists for permitting the withdrawal by the appearance counsel," which could ultimately result in a dismissal of plaintiff's action.

Dated at New Haven, this 19th day of November, 2014.

                                        Joan G. Margolis, USMJ
                                        Joan Glazer Margolis
                                        United States Magistrate Judge